**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED,** | **CIVIL ACTION NO.  6:09cv538** |
| Plaintiffs, | |
| v. | |
| (1)  **ABBYY USA Software House, Inc.;**<br>(2)  **CommonTime, Inc.;**<br>(3)  **No Magic, Incorporated.;**<br>(4)  **GFI USA, Inc.**<br>     **(dba "GFI Software USA");**<br>(5)  **Systran Software, Inc.;**<br>(6)  **Systran U.S.A. Inc.;**<br>(7)  **WORDsearch Corp, L.L.C.;**<br>(8)  **T.A.L. Technologies, Inc. .**<br>     **(dba "TALtech")**<br>(9)  **CIOview Corp.;**<br>(10) **Punch Software LLC;**<br>(11) **Maketech Systems, Inc.**<br>     **(dba Docudesk Corporation);**<br>(12) **Kidasa Software, Inc.;   and**<br>(13) **InternetSafety.com, Inc.** | **JURY TRIAL DEMANDED** |
| Defendants. | |

### ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.    This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,490,216 entitled "System for Software Registration" (the "'216 patent") a copy of which is attached hereto as Exhibit A.  Plaintiffs owns all rights, title, and interest in the '216 patent.  Plaintiffs seek injunctive relief and monetary damages against each Defendant.

## PARTIES

2.    Uniloc Corp. Pty. Ltd. ("Uniloc Australia") was founded in Australia in 1992. Uniloc (Singapore) Private Limited ("Uniloc Singapore"), a wholly owned subsidiary of Uniloc Australia, is a limited liability company existing under the laws of Singapore.  Uniloc Singapore owns all rights, title, and interest in the '216 patent.

3.     Uniloc USA, Inc. ("Uniloc USA"), a wholly owned subsidiary of Uniloc Australia, is a corporation founded in 2003 under the laws of the state of Rhode Island.  Uniloc USA is the exclusive licensee of the '216 patent.  Uniloc USA's global headquarters is located at 2151 Michelson, Suite 100, Irvine, CA 92612.  Uniloc USA maintains a place of business in this judicial district at 100 E. Ferguson Street, Suite 608-A, Tyler, TX  75702 and a sales office in Plano, TX.

4.    Uniloc (collectively Uniloc USA and Uniloc Singapore) researches, develops, manufactures and licenses security technology solutions, platforms and frameworks, including solutions for securing software and other forms of media such as DVD and audio files.   Uniloc's patented technology authenticates the true identity of devices attempting to access digital content and high-value technology assets. Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

5.    The '216 patent is generally directed to novel systems and methods for securely registering software and other digital media to prevent illicit copying and software piracy.

6.    On information and belief, Defendant ABBYY USA Software House, Inc. ("ABBYY USA"), is a corporation organized and existing under the laws of the State of California, with its principal place of business at 880 North McCarthy Blvd, Suite 220, Milpitas, CA 95035.  This defendant has appointed its CEO Ding Yuan Tang at 880 North McCarthy Blvd, Suite 220, Milpitas, CA 95035 as its agent for service of process.

7.    On information and belief, Defendant CommonTime, Inc. ("CommonTime") is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 418 S 9th St, Suite 208, Boise, ID 83702.  This defendant has appointed Pacific Registered Agents Inc., 7148 N Aaron St, Coeur d'Alene, ID  83815 as its agent for service of process.

8.    On information and belief, Defendant No Magic, Incorporated, (hereinafter "No Magic"), is a corporation organized and existing under the laws of the State of Wyoming, with its principal place of business at 7304 Alma Drive, Suite 600, Plano, TX  75025.  This defendant has appointed C T Corporation System at 350 North St. Paul Street, Dallas, TX  75201 as its agent for service of process.

9.    On information and belief, Defendant GFI USA, Inc., d/b/a "GFI Software USA" (hereinafter "GFI USA") is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business at 15300 Weston Parkway, Suite 104, Cary, NC 27513.  This defendant has appointed Larry H. Rocamora, Esq. at 3211 Shannon Road, Suite 620, Durham NC 27707 as its agent for service of process.

10.    On information and belief, Defendant Systran Software, Inc. ("Systran") is a corporation organized and existing under the laws of the State of California with its principal place of business at 9333 Genesee Avenue - Suite PL1, San Diego, CA 92121. This defendant has appointed Jeffrey Anastas, Esq., 225 Broadway Suite 1900, San Diego, CA 92101 as its agent for service of process.

11.    On information and belief, Defendant Systran U.S.A. Inc.; ("Systran USA") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 9333 Genesee Avenue - Suite PL1, San Diego, CA 92121.  This defendant has appointed C T Corporation System at 350 North St. Paul Street, Dallas, TX  75201 as its agent for service of process.

12.    On information and belief, Defendant WORDsearch Corp, L.L.C. ("WORDsearch"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3006 Longhorn Blvd. #110, Austin, TX  78758. This defendant has appointed its Chairman Jack I. Tompkins at 3006 Longhorn Blvd. #110, Austin, TX  78758  as its agent for service of process.

13.    On information and belief, Defendant T.A.L. Technologies, Inc., d/b/a "TALtech" (hereinafter "TALtech") is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 2101 Brandywine Street, Suite 102, Philadelphia PA 19130.  This defendant has appointed its President Thomas Lutz at 2027 Wallace Street, Philadelphia PA 19130 as its agent for service of process.

14.  On information and belief, Defendant CIOview Corp. ("CIOview") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 30 Nagog Park, Acton, MA  01720.  This defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801  as its agent for service of process.

15.  On information and belief, Defendant Punch Software LLC ("Punch"), is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 7900 NW 100th Street - Suite LL6, Kansas City, MO 64153. This defendant has appointed Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO  65101 as its agent for service of process.

16.  On information and belief, Defendant Maketech Systems, Inc., d/b/a "Docudesk Corporation" (hereinafter "Docudesk"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in this judicial district at 5160 Tennyson Pkwy, Suite 3000W, Plano, TX  75024.  This defendant has appointed its CEO, Darren T. Matheny at 5160 Tennyson Pkwy, Suite 3000W, Plano, TX  75024 as its agent for service of process.

17.  On information and belief, Defendant Kidasa Software, Inc. ("Kidasa) is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 1114 Lost Creek Blvd., Suite 300, Austin, TX 78746.  This defendant has appointed its President, Susan J. Butler at 1114 Lost Creek Blvd., Suite 300, Austin, TX 78746 as its agent for service of process.

18.  On information and belief, Defendant InternetSafety.com, Inc. ("InternetSafety") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3979 S. Main Street, Suite 230, Acworth GA 30101.  This defendant has appointed its CFO Shane Kenny at 3979 S. Main Street, Suite 230, Acworth GA 30101 as its agent for service of process.

## JURISDICTION AND VENUE

19.  This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed, induced and/or contributed to acts of patent infringement in this district, including via their websites.

21. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Uniloc's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

22. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,490,216

23. United States Patent No. 5,490,216 ("the '216 Patent") entitled "System for Software Registration." was duly and legally issued by the United States Patent and Trademark Office on February 6, 1996 after full and fair examination. A true and correct copy of the '216 Patent is attached as Exhibit A. Uniloc is the owner of all rights, title, and interest in and to the '216 Patent.

24.  Upon information and belief, Defendant ABBYY USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.   Specifically, certain ABBYY USA products, including, but not limited to its FineReader 9.0 Express Edition, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant ABBYY USA is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

25.  Upon information and belief, Defendant CommonTime has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain CommonTime products, including, but not limited to mNotes Desktop, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant CommonTime is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

26.  Upon information and belief, Defendant No Magic has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the

infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Specifically, certain No Magic products, including, but not limited to MagicDraw, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant No Magic is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

27. Upon information and belief, Defendant GFI USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Specifically, certain GFI USA products, including, but not limited to GFI Backup 2009, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant GFI USA is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

28. Upon information and belief, Defendant Systran has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run

in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Specifically, certain Systran products, including, but not limited to Systran Home Translator, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Systran is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

29. Upon information and belief, Defendant Systran USA has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Specifically, certain Systran USA products, including, but not limited to Systran Home Translator, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Systran USA is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

30. Upon information and belief, Defendant WORDsearch has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed. Specifically, certain WORDsearch products, including, but not limited to WORDSearch 8.0 Thompson Bible Library, use a registration system attached to the software to

be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant WORDsearch is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

31.  Upon information and belief, Defendant TALtech has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain TALtech products, including, but not limited to BC-Wedge, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant TALtech is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

32.  Upon information and belief, Defendant CIOview has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain CIOview products, including, but not limited to SecurityNOW!, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.

The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant CIOview is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

33. Upon information and belief, Defendant Punch has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain Punch products, including, but not limited to Home and Landscape Design, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Punch is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

34. Upon information and belief, Defendant Docudesk has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain Docudesk products, including, but not limited to deskPDF Professional, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the

security key is generated by the registration system.  Defendant Docudesk is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

35.  Upon information and belief, Defendant Kidasa has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain Kidasa products, including, but not limited to Milestones Simplicity, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Kidasa is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

36.  Upon information and belief, Defendant InternetSafety has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell certain software products that utilize a method and/or system for activating software products to allow such software to run in a use mode on a computer platform only if an appropriate licensing procedure has been followed.  Specifically, certain InternetSafety products, including, but not limited to SafeEyes, use a registration system attached to the software to be protected, the registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of checking that that the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant InternetSafety is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

37.  On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '216 Patent complied any with such requirements.

38.  To the extent that facts learned in discovery show that Defendants' infringement of the '216 patent is or has been willful, Uniloc reserves the right to request such a finding at time of trial.

39.  As a result of these Defendants' infringement of the '216 Patent, Uniloc has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

40.  Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '216 Patent, Uniloc will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Uniloc respectfully requests that this Court enter:

1.  A judgment in favor of Uniloc that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '216 Patent, and that such infringement was willful;

2.  A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '216 Patent;

3.  A judgment and order requiring Defendants to pay Uniloc its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4.  An award to Uniloc for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.  A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Uniloc its reasonable attorneys' fees; and

6.  Any and all other relief to which Uniloc may show itself to be entitled.

## <u>DEMAND FOR JURY TRIAL</u>

Uniloc, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**UNILOC USA, INC. and UNILOC
(SINGAPORE) PRIVATE LIMITED**

Dated: November 30, 2009       By: /s/ John Ward, Jr.

James L. Etheridge
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd, Suite 120 / 324
Southlake, TX  76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
E-mail: Jim@EtheridgeLaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail: jw@jwfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 757-7397
E-mail: ema@emafirm.com

**ATTORNEYS FOR PLAINTIFFS
UNILOC USA, INC. and UNILOC
(SINGAPORE) PRIVATE LIMITED**