IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED,<br><br>    Plaintiffs,<br><br>    v.<br><br>ABBYY USA SOFTWARE HOUSE, INC., *et al*,<br><br>    Defendants. | CIVIL ACTION NO. 6:09-cv-538-LED<br><br>JURY |

### WORDSEARCH'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Defendant WORDsearch Corp, L.L.C. (hereinafter "WORDsearch") hereby answers the Complaint for Patent Infringement of Uniloc USA, Inc. and Uniloc (Singapore) Private Limited (collectively "Uniloc"). WORDsearch denies all allegations not expressly admitted below.

1.   WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

### PARTIES

2.   WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

3.   WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

4. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

5. WORDsearch denies the allegations contained in paragraph 5 of the Original Complaint for Patent Infringement.

6. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

7. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

8. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

9. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

10. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 10 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

11. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 11 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

12. WORDsearch admits that it is a corporation organized and existing under the laws of the State of Delaware. WORDsearch further admits that its principal place of business is located at 3006 Longhorn Blvd. #110, Austin, Texas 78758. WORDsearch denies that it has appointed Jack I. Tompkins as its agent for service of process at 3006 Longhorn Blvd. #110, Austin, Texas 78758, but admits it was served with the Complaint.

13. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

14. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

15. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

16. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

17. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 17 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

18. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

## JURISDICTION AND VENUE

19. WORDsearch admits that Plaintiffs' Original Complaint for Patent Infringement purports to allege a cause of action arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 *et. seq*. Plaintiffs further admit that this Court has subject matter jurisdiction over such causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

20. WORDsearch specifically denies that it has committed acts of patent infringement in this or any other district. WORDsearch admits that it has transacted business in the Eastern District of Texas and that venue is proper in the Eastern District of Texas.

21. WORDsearch does not contest personal jurisdiction, but does not admit the factual allegations of paragraph 21.

22. WORDsearch admits that it sells products, solicits customer and has paying customers in the State of Texas and the Eastern District of Texas. WORDsearch denies that it has committed, contributed to, or induced others to commit patent infringement in the state of Texas, the Eastern District of Texas or any other state or district.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,490,216

23. WORDsearch admits that what purports to be the '216 patent is attached to Plaintiffs' Original Complaint for Patent Infringement and is entitled "System for Software Registration." WORDsearch specifically denies that the '216 patent was duly and legally issued. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23, and therefore denies such allegations.

24. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

25. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

26. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

27. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

28. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 28 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

29. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

30. WORDsearch denies the allegations of paragraph 30 of the Original Complaint for Patent Infringement.

31. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 31 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

32. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 32 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

33. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

34. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 34 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

35. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 35 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

36. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

37. WORDsearch lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 37 of the Original Complaint for Patent Infringement and, therefore, denies such allegations.

38. With respect to its own activities, WORDsearch denies each and every allegation of paragraph 38. With respect to all remaining Defendants, WORDsearch does not have sufficient information to admit or deny the allegations of paragraph 38 and, therefore, denies these allegations

39. WORDsearch denies the allegations of paragraph 39 of the Original Complaint for Patent Infringement.

40. WORDsearch denies the allegations of paragraph 40 of the Original Complaint for Patent Infringement.

41. WORDsearch denies that Plaintiffs are entitled to any of the relief sought in Prayer for Relief of the Complaint.

## AFFIRMATIVE DEFENSES

### WORDSEARCH'S FIRST AFFIRMATIVE DEFENSE

#### (Invalidity of the '216 patent)

42. The '216 patent is invalid for failure to meet one or more of the requirements for patentability, including without limitation those requirements set forth in 35 U.S.C. 101, 102, 103, and 112.

### WORDSEARCH'S SECOND AFFIRMATIVE DEFENSE

#### (Non-Infringement)

43. WORDsearch has not infringed, actively induced infringement, and/or contributorily infringed and is not infringing, in any manner, any valid claim of the '216 patent, and no valid claim of the '216 patent can be properly construed to cover the manufacture, use, sale, importation, or offer for sale of any WORDsearch product or service.

### WORDSEARCH 'S THIRD AFFIRMATIVE DEFENSE

#### (Reservation of Rights)

44. WORDsearch reserves the right to assert any and all additional affirmative defenses that may be ascertained during the course of discovery, including, but not limited to,

unenforceability, laches, estoppel, unclean hands, waiver, misuse, lack of standing, lack of compliance with the marking requirements of 35 U.S.C. 287, etc.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, WORDsearch Corp., L.L.C. ("WORDsearch") alleges the following counterclaims against Uniloc USA, Inc. and Uniloc (Singapore) Private Limited (collectively "Uniloc").

1. WORDsearch incorporates what is set out in the preceding paragraphs as if fully set forth herein.

2. Counterclaim-Plaintiff WORDsearch is a Delaware corporation with its principal place of business at 3006 Longhorn Blvd. #110, Austin, Texas 78758.

3. On information and belief, Counterclaim-Defendant Uniloc Corp. Pty. Ltd. is a wholly owned subsidiary of Uniloc Australia and is a limited liability company existing under the law of Singapore.

4. On information and belief, Counterclaim-Defendant Uniloc USA, Inc. is a wholly owned subsidiary of Uniloc Australia and is a corporation existing under the laws of the state of Rhode Island. Uniloc USA is headquartered at 2151 Michelson, Suite 100, Irvine, California 92612.

## JURISDICTION AND VENUE

5. WORDsearch's counterclaims arise under the patent laws of the United States, 35 U.S.C. §§ 1, et seq., and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

7.  In its Complaint, Uniloc avers that Uniloc USA is the exclusive licensee of U.S. Patent No. 5,490,216 ("the '216 patent).

8.  In its Complaint, Uniloc alleges that WORDsearch infringes and has infringed the '216 patent.

9.  Based on the Complaint that Uniloc filed against WORDsearch, a justiciable actual controversy exists between WORDsearch and Uniloc concerning the alleged infringement, validity, and enforceability of the '216 patent.

10. This Court has personal jurisdiction over Uniloc for these Counterclaims because Uniloc has filed a Complaint in this judicial district to which these Counterclaims respond.

11. Uniloc has established minimum contacts with the forum such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice.

12. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

### COUNT ONE OF WORDSEARCH'S COUNTERCLAIM

### Declaratory Judgment of Invalidity and Non-infringement of the '216 Patent

13. WORDsearch incorporates by reference herein the allegations set forth in paragraphs 1-12 above.

14. The '216 patent is invalid for failure to comply with the requirements of Title 35, United States Code, including, but not limited to, §§ 101, 102, 103, and/or 112.

15. WORDsearch has not infringed and is not infringing, either directly, contributorily, or by inducement, any valid and enforceable claim of the '216 patent.

### RELIEF REQUESTED

WHEREFORE, WORDsearch respectfully requests:

1. That this Court dismiss Uniloc's Complaint against WORDsearch with prejudice;

2. That this Court enter a judgment declaring that WORDsearch has not infringed and does not infringe the '216 patent;

3. That this Court enter a judgment declaring that WORDsearch has not induced and does not induce infringement of the '216 patent;

4. That this Court enter a judgment declaring that WORDsearch has not contributorily infringed and does not contributorily infringe the '216 patent;

5. That this Court enter a judgment declaring that WORDsearch has not willfully infringed and does not willfully infringe the '216 patent;

6. That this Court enter a judgment denying any award to Uniloc for damages, enhanced damages, interest, costs, or attorneys' fees;

7. That this Court deny any injunction against WORDsearch or those in active concert with WORDsearch;

8. That this Court enter a judgment declaring that the '216 patent is invalid and unenforceable;

9. That this Court declare this case exceptional and award WORDsearch its reasonable costs, expenses and attorneys' fees;

10. That this Court award WORDsearch any and all other relief to which WORDsearch may show itself to be entitled.

## DEMAND FOR JURY TRIAL

WORDsearch, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: January 21, 2010                                  Respectfully submitted,

*/s/ Karl Bayer*
*(by E. Glenn Thames, Jr., with permission)*
Karl Bayer – *lead counsel*
Texas State Bar No. 01939900
karl@karlbayer.com
8911 N. Capital of Texas Highway,
Suite 2120
Austin, TX 78759
(512) 345-8537 Telephone
Fax: (512) 345-9469 Telefax

E. Glenn Thames, Jr.
Texas State Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
110 North College, Suite 500
Tyler, Texas 75702
(903) 597-8311 Telephone
(903) 593-0846 Telecopier

**ATTORNEYS FOR DEFENDANT**
**WORDSEARCH CORP, L.L.C.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 21, 2010. All other counsel of record will be served by U.S. first-class mail on this same date.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.