IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>ABBYY USA Software House, Inc., et al.<br><br>Defendants. | Civil Action No. 6:09-CV-538<br><br><br>JURY TRIAL DEMANDED |

### KIDASA SOFTWARE INC.'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant KIDASA Software, Inc. ("KIDASA") answers Plaintiffs' Original Complaint for Patent Infringement as follows:

1.  KIDASA admits that Plaintiffs' Original Complaint for Patent Infringement (the "Complaint") purports to state a claim for infringement of United States Patent No. 5,490,216 ("the '216 patent") and that what appears to be a copy of the '216 patent is attached to the complaint as Exhibit A. KIDASA further admits that the Complaint purports to seek injunctive relief and monetary damages, but specifically denies that Plaintiffs are entitled to any such relief. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs own all right, title and interest in the '216 patent. KIDASA denies the remaining allegations contained in paragraph 1.

PARTIES

2. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies them.

3. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies them.

4. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies them.

5. KIDASA admits that the '216 patent on its face purports to be generally directed to a system for software registration, but denies the remaining allegations of paragraph 5.

6. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 and therefore denies them.

7. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 and therefore denies them.

8. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them.

10. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and therefore denies them.

11. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies them.

12. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies them.

13. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies them.

14. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 and therefore denies them.

15. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and therefore denies them.

16. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies them.

17. KIDASA admits the allegations contained in paragraph 17.

18. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies them.

## JURISDICTION AND VENUE

19. KIDASA admits that Plaintiffs purport to bring an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and that the federal courts have exclusive subject matter jurisdiction over patent actions pursuant to 28 U.S.C. §§ 1331 and 1338(a). KIDASA denies that the purported action has any merit and denies the remaining allegations in paragraph 19 as to KIDASA.

20. KIDASA admits that this is a district in which this action can be brought against KIDASA under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b), but denies that venue is proper under 28 U.S.C. § 1404(a). KIDASA denies the remaining allegations of paragraph 20 as to KIDASA. With respect to the allegations in paragraph 20 concerning the other defendants, KIDASA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

21.     KIDASA denies the allegations of paragraph 21 as to KIDASA. With respect to the allegations in paragraph 21 concerning the other defendants, KIDASA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

22.     With respect to the allegations of paragraph 22, KIDASA admits that it has sold products and services to paying customers who are residents of the State of Texas and the Eastern District of Texas. KIDASA denies the remaining allegations of paragraph 22 as to KIDASA. With respect to the allegations of paragraph 22 concerning the other defendants, KIDASA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

### [ALLEGED] INFRINGEMENT OF U.S. PATENT 5,490,216

23.     KIDASA admits that the '216 patent is entitled "System for Software Registration", that it appears on its face to have been issued by the United States Patent and Trademark Office on February 6, 1996. KIDASA denies the remaining allegations in the first sentence of paragraph 23 and specifically denies that the '216 patent was duly or legally issued, and KIDASA specifically denies that the '216 patent issued after a full and fair examination. KIDASA admits that what appears to be a copy of the '216 patent is attached to the Complaint as Exhibit A. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 and therefore denies them.

24.     KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 and therefore denies them.

25.     KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 and therefore denies them.

26. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 and therefore denies them.

27. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 and therefore denies them.

28. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 and therefore denies them.

29. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 and therefore denies them.

30. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 and therefore denies them.

31. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 and therefore denies them.

32. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 and therefore denies them.

33. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 and therefore denies them.

34. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 and therefore denies them.

35. With respect to the allegations in paragraph 35, KIDASA admits that it has, in the past, made, used, sold and offered for sale software products that used an activation system that limited use of the software until an activation procedure was followed. KIDASA denies the remaining allegations of paragraph 35.

36. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 and therefore denies them.

37. KIDASA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 and therefore denies them.

38. Paragraph 38 contains no factual allegations; thus, no response is required. To the extent that paragraph 38 could be construed to contain any factual allegations, KIDASA denies such allegations as to KIDASA and is without knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to the other defendants.

39. KIDASA denies the allegations of paragraph 39 as to KIDASA. With respect to the allegations in paragraph 39 concerning the other defendants, KIDASA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

40. KIDASA denies the allegations of paragraph 40 as to KIDASA. With respect to the allegations in paragraph 40 concerning the other defendants, KIDASA is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies them.

[PLAINTIFF'S] PRAYER FOR RELIEF

41. KIDASA states that to the extent any response is required, KIDASA denies that Plaintiffs are entitled to any relief.

**AFFIRMATIVE DEFENSES**

Without altering the proper burden of proof on any issue, KIDASA states the following defenses and affirmative defenses. KIDASA reserves the right to assert additional defenses and affirmative defenses that may be discovered and/or substantiated during the course of this litigation.

**First Defense**

1. KIDASA has not and does not infringe any valid, properly-construed claim of the '216 patent.

## Second Defense

2. The '216 patent is invalid because it fails to comply with at the requirements for patentability in 35 U.S.C. § 101 *et seq.*, including §§ 101, 102, 103 and/or 112.

## Third Defense

3. Plaintiff's claims are barred in whole or in part by equitable doctrines including laches and/or estoppel.

## Fourth Defense

4. Any claim by Plaintiff for damages is limited under 35 U.S.C. § 286 and/or 35 U.S.C. § 287.

## Fifth Defense

5. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## Sixth Defense

6. Either Plaintiff Uniloc (Singapore) Private Limited or Plaintiff Uniloc USA, Inc., or both, lack standing to sue and this Court lacks subject matter jurisdiction.

## COUNTERCLAIMS

This is a declaratory judgment action seeking a declaration of non-infringement and invalidity of United States Patent No. 5,490,216 ("the '216 patent").

## Parties

1. Defendant and counterclaim plaintiff KIDASA Software, Inc. is a Texas corporation with a place of business in Austin, Texas.

2. On information and belief, plaintiff and counterclaim defendant Uniloc (Singapore) Private Limited ("Uniloc Singapore") purports to be a limited liability company existing under the laws of Singapore.

3. On information and belief, plaintiff and counterclaim defendant Uniloc USA, Inc. ("Uniloc USA") is a Rhode Island corporation with its principal place of business at 2151 Michelson, Suite 100, Irvine, California 92612.

### Jurisdiction and Venue

4. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. $ 271 *et seq.* and 28 U.S.C. §§ 1331, 1338, 1367, 2201 and 2202.

5. Venue is proper in this District pursuant to at least 28 U.S.C. §§1391 and 1400. Venue is further proper in the Tyler Division.

### Count I – Declaration of Non-Infringement

6. Based on plaintiffs Uniloc Singapore and Uniloc USA's filing of their Complaint for Patent Infringement and KIDASA's above denial of liability for the reasons stated above, there exists a real and actual case and controversy between the parties regarding whether KIDASA infringes the '216 patent.

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. KIDASA is entitled to and respectfully requests a declaration by the Court that it does not infringe any claim of the '216 patent.

### Count II – Declaration of Invalidity

8. Based on plaintiffs Uniloc Singapore and Uniloc USA's filing of their Complaint for Patent Infringement and KIDASA's assertion that the Patents-in-Suit are invalid, there exists a real and actual case and controversy between the parties regarding the validity of the '216 patent.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*. KIDASA is entitled to and respectfully requests a declaration by the Court that the claims of the '216 patent are invalid.

### Count III – Declaration of Exceptional Case

10. This is an exceptional case because, among other things, Uniloc Singapore and Uniloc USA have been provided with evidence demonstrating that the accused KIDASA software cannot reasonably be said to infringe any properly construed claim of the '216 patent, and yet Uniloc Singapore and Uniloc USA have refused to dismiss their infringement case against KIDASA.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendant and counterclaimant KIDASA respectfully requests a trial by jury of any so triable by right.

### PRAYER FOR RELIEF

KIDASA respectfully requests a judgment:

A. Declaring that KIDASA has not and does not infringe any claim of any of the '216 patent;

B. Declaring that the '216 patent is invalid;

C. That Plaintiffs take nothing by their Complaint, and that the Complaint be dismissed with prejudice;

D. That this is an exceptional case under 35 U.S.C. § 285;

E. An award of KIDASA's costs and reasonable attorneys fees incurred in this action;

F. Any further relief as the Court may deem just and proper.

January 25, 2010                                       Respectfully submitted,

                                                       By: /s/ Michael J. Collins
                                                       Michael J. Collins – LEAD COUNSEL
                                                       Texas Bar No. 04614510
                                                       John J. Edmonds
                                                       Texas Bar No. 00789758
                                                       Henry M. Pogorzelski
                                                       Texas Bar No. 24007852
                                                       COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                       709 Sabine Street
                                                       Houston, Texas 77007
                                                       Telephone: (713) 501-3425
                                                       Facsimile: (832) 415-2535
                                                       mcollins@cepiplaw.com
                                                       jedmonds@cepiplaw.com
                                                       hpogorzelski@cepiplaw.com

                                                       ATTORNEYS FOR DEFENDANT
                                                       KIDASA SOFTWARE, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 25, 2010. Any other known counsel of record will be served by email and/or first class U.S. mail..

                                                       /s/ Michael J. Collins
                                                       Michael J. Collins