**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| UNILOC USA, INC., *et al.* ) | |
| ) | |
| Plaintiffs, ) | CASE NO. 6:09-CV-538 (LED) |
| ) | |
| v. ) | **JURY** |
| ) | |
| ABBYY USA Software House, Inc., *et al.* ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT INTERNETSAFETY.COM, INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant InternetSafety.com, Inc. ("InternetSafety.com") answers Plaintiffs' UNILOC USA, Inc. and UNILOC (SINGAPORE) PRIVATE LIMITED ("UNILOC" or "Plaintiffs") Original Complaint for Alleged Patent Infringement ("Original Complaint") as follows, denying Plaintiffs' allegations and averments except for those specifically admitted herein:

**PARTIES**

1. Any alleged infringement as to InternetSafety.com is denied. InternetSafety.com denies that Plaintiffs are entitled to any injunctive relief, alleged monetary damages, or any other relief, alleged or otherwise. InternetSafety.com admits that this is an action alleging patent infringement; that a copy of what appears to be U.S. Patent No. 5,490,216 ('216 Patent) is attached to Plaintiffs' original complaint as Exhibit A. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations in paragraph 1 and therefore denies them.

2. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

5. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

7. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them.

8. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and therefore denies them.

18. Admitted.

## JURISDICTION AND VENUE

19. InternetSafety.com admits that the Original Complaint alleges infringement under the United States patent laws, and that this Court has subject matter jurisdiction over these patent law claims.

20. InternetSafety.com admits that venue is proper in the Eastern District of Texas for purposes of this particular action only, but it disputes that venue is more proper or more convenient here than in other jurisdictions, and it reserves its right to seek transfer of this case to another jurisdiction pursuant to Federal Rule of Civil Procedure § 1404(a).  InternetSafety.com admits that it has transacted certain business in this District, but denies that it has committed, contributed to and/or induced acts of alleged patent infringement.  To the extent any remaining allegations of paragraph 20 are directed at InternetSafety.com, they are denied.  To the extent any remaining allegations of paragraph 20 are directed at the other named defendants, InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

21. InternetSafety.com admits that it is subject to the Court's personal jurisdiction for purposes of this particular action only. InternetSafety.com admits that it has transacted certain business in this State and this District. To the extent any remaining allegations of paragraph 21 are directed at InternetSafety.com, they are denied. To the extent any remaining allegations of paragraph 21 are directed at the other named defendants, InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

22. To the extent that this paragraph is likewise directed to personal jurisdictional issues, InternetSafety.com admits that it is subject to the Court's personal jurisdiction for purposes of this particular action only. InternetSafety.com admits that it has transacted certain business in this State and this District. InternetSafety.com denies any and all alleged patent infringement, whether direct, indirect, contributory, induced, or otherwise. To the extent any remaining allegations of paragraph 22 are directed at InternetSafety.com, they are denied. To the extent any remaining allegations of paragraph 22 are directed at the other named defendants, InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

## COUNT I

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,490,216

23. InternetSafety.com admits that U.S. Patent No. 5,490,216 (the "'216 Patent") appears to be entitled "SYSTEM FOR SOFTWARE REGISTRATION." InternetSafety.com admits that a copy of that which appears to be the '216 Patent is attached as Exhibit A to Plaintiffs' Original Complaint. InternetSafety.com is without knowledge or information

sufficient to form a belief as to the remaining allegations of paragraph 23 and therefore denies those allegations.

24. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and therefore denies them.

25. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and therefore denies them.

26. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and therefore denies them.

27. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and therefore denies them.

28. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and therefore denies them.

31. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 and therefore denies them.

32. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 and therefore denies them.

33. InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 and therefore denies them.

34.     InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 34 and therefore denies them.

35.     InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 35 and therefore denies them.

36.     InternetSafety.com denies any and all alleged direct, indirect, inducing, and/or contributory infringement.  InternetSafety.com admits that it sells the software program named SafeEyes, but without knowing how Plaintiff defines and interprets the words used in this paragraph, and without the aid of claim construction and all necessary orders for the Court, InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies them.  All other allegations and/or averments are denied.

37.     InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 37 and therefore denies them.

38.     To the extent that there are allegations or averments in this paragraph pertaining to InternetSafety.com, they are denied.  To the extent any remaining allegations of paragraph 38 are directed at the other named defendants, InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

39.     Denied as to InternetSafety.com.  To the extent any remaining allegations of paragraph 39 are directed at the other named defendants, InternetSafety.com lacks sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

40.     Denied as to InternetSafety.com.  To the extent any remaining allegations of paragraph 40 are directed at the other named defendants, InternetSafety.com lacks sufficient

knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

## PRAYER FOR RELIEF

InternetSafety.com denies that Plaintiffs are entitled to any of the requested relief and denies any allegations and/or averments in their prayer for relief.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

InternetSafety.com admits that Plaintiffs have demanded a jury trial. To the extent that this paragraph contains any allegation(s) and/or averment(s) directed to InternetSafety.com, they are denied.

## AFFIRMATIVE DEFENSES

InternetSafety.com alleges and asserts the following defenses, affirmative or otherwise, without assuming any burden of proof that it would not otherwise have. In addition to the affirmative defenses described below and subject to its responses above, InternetSafety.com specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE: Non-Infringement

InternetSafety.com lacks sufficient information regarding the specific nature of Plaintiff's allegations of infringement, and, on this basis, asserts that it does not infringe and has not infringed, (not directly or in any other way) literally or under the doctrine of equivalents, any claim of the '216 Patent.

## SECOND AFFIRMATIVE DEFENSE: Invalidity

The claims of the '216 Patent are invalid for failure to satisfy one or more of the requirements of Title 35 of the United States Code including but not limited to §§ 101, 102, 103, 112 and 132.

### THIRD AFFIRMATIVE DEFENSE: Waiver, Acquiescence and/or Consent

Plaintiffs' claims of infringement under '216 Patent are barred, in whole or in part, by the doctrines of waiver, acquiescence and/or consent.

### FOURTH AFFIRMATIVE DEFENSE: Laches

Plaintiffs' claims of infringement under the '216 Patent are barred, in whole or in part, by laches.

### FIFTH AFFIRMATIVE DEFENSE: Failure to State a Claim

Plaintiffs' Complaint fails to state a claim upon which relief can be granted, including, but not limited to, because Plaintiff's Complaint fails to meet the standard for pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### SIXTH AFFIRMATIVE DEFENSE: No Entitlement to Injunctive Relief

Plaintiffs are not entitled to any injunctive relief as they have, at a minimum, no irreparable injury and an adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, InternetSafety.com prays for judgment as follows:

a. A judgment in favor of InternetSafety.com denying Plaintiffs all relief requested in their Original Complaint in this action and dismissing same with prejudice;

b. A judgment in favor of InternetSafety.com on all of its affirmative defenses;

c. A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to InternetSafety.com of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

d. Such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, InternetSafety.com respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: January 25, 2010

Respectfully submitted,

By: */s/ Michael E. Jones*

Michael E. Jones
Texas State Bar No. 10929400
Allen F. Gardner
Texas State Bar No. 24043679
POTTER MINTON
A PROFESSIONAL CORPORATION
110 N. College
Tyler, Texas 75702
Telephone: (903) 597-8311
Facsimile: (903) 593-0846
Email: mikejones@potterminton.com
Email: allengardner@potterminton.com

*Of Counsel:*
W. Todd Carlisle
tcarlisle@sirote.com
SIROTE & PERMUTT, PC
2311 Highland Avenue South
Birmingham, AL 35205
Tel: 205-930-5154
Fax: 205-212-3887

ATTORNEYS FOR DEFENDANT
INTERNETSAFETY.COM, INC.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 25, 2010.  Any other counsel of record will be served via First Class U.S. Mail on this same date.

*/s Michael E. Jones*
