**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **UNILOC USA, INC. et al.,** | |
| Plaintiffs, | **CIVIL ACTION NO.  6:09-cv-538 (JDL)** |
| v. | **JURY TRIAL DEMANDED** |
| **ABBYY USA Software House, Inc.; et al.** | |
| Defendants. | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.    **Disclosures.**    On or before June 5, 2010 and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.    the correct names of the parties to the lawsuit;
    B    the name, address, and telephone number of any potential parties;
    C.    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D.    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a  brief, fair summary of the substance of the information known by such person;
    E.    any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F.    any settlement agreements relevant to the subject matter of this action;
    G.    any statement of any party to the litigation;

2.    **Additional Disclosures.**    Each party shall provide to every other party the following information:

A.    the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

B.    to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[1], and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.  The parties shall start the production of such documents and things no later than June 19, 2010, and agree that such production should be substantially completed by August 19, 2010.  As part of their initial June 19, 2010 productions, Defendants shall make good faith efforts to produce relevant sales data of the products identified in Plaintiff's P.R. 3-1 disclosures, and Plaintiff shall make good faith efforts to produce relevant documents from *Uniloc USA, Inc. v. Microsoft Corp.*, 03cv440 (D.R.I.) that are in its possession or control.  By written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies.  For example, the parties may agree to exchange images of documents electronically or by means of computer disk; or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each party to furnish paper copies of the disclosure materials; and

C.    On or before July 3, 2010, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3.    **Testifying Experts.**  The parties agree that the Plaintiff shall be entitled to five (5) testifying expert witnesses, and Defendants as a group shall be entitled to three common testifying experts (for opinions on common issues such as inequitable conduct and invalidity) and two additional testifying expert per each Defendant who remain as a Defendant as of the date provided in the Docket Control Order for submission of expert reports under Federal Rule of Civil Procedure 26(a)(2)(B) .By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

A.    The expert's name, address, and telephone number;
B.    The subject matter on which the expert will testify;
C.    A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
D.    If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

---

[1]  The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

1.   The expert shall be required to disclose a current resume and bibliography, as well as the documents upon which he or she has relied;

2.   The parties shall not be required to disclose or produce in discovery or at trial, and need not preserve, any:

    (a)   Drafts of expert reports, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert;

    (b)   Notes or other documents prepared by the expert, or his or her staff, unless relied upon as a basis for his or her opinions;

    (c)   Documents or information constituting or reflecting oral or written communications between the expert and the expert's staff, unless relied upon as a basis for the expert's opinions; or

    (d)   Documents or information constituting or reflecting oral or written communications between the expert or the expert's staff on the one hand and, on the other hand, in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert, unless relied upon as a basis for the expert's opinions.

3.   Nothing in the preceding paragraph should preclude opposing counsel from obtaining any facts or data the expert is relying on in forming his or her opinion, including that coming from counsel, or from otherwise inquiring fully of an expert into what facts or data the expert considered or reviewed, or into the validity of the expert's opinions. Such inquiry may reveal the underlying facts or data relied upon or considered, but may not reveal any communication or discussion of those facts or data with counsel.  Such facts or data include but are not limited to any testing of Defendants' products performed at any time, including prior to the filing of this lawsuit.

4.   **Discovery Limitations.**  Discovery is limited in this case to the disclosures described in Paragraphs 1 through 3, together with the following:

    A.   **Interrogatories:** Plaintiff may serve up to twenty (20) interrogatories collectively on the Defendants, and up to twenty (20) additional individual interrogatories per Defendant.   The Defendants shall be allowed twenty (20) collective interrogatories and twenty (20) additional individual interrogatories per Defendant.

    B.   **Requests for Admission:** The following limits will apply to requests for admission served in this case:

        (1)   Except as indicated below, Plaintiff may serve no more than 100 requests for admission on each Defendant, and each Defendant may serve no more

than 100 requests for admission on Plaintiff. Defendants will make their best efforts to coordinate requests so as to avoid duplicative efforts.

(2)   Requests for admission regarding the admissibility of documents: There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above. Prior to serving any request for admission regarding the admissibility of documents, each party agrees to request that the opposing party stipulate to the admissibility of such documents. If the opposing party fails to stipulate to the admissibility of all such documents within two weeks of such request for stipulation, the requesting party may service on the opposing party requests for admission on any documents whose admissibility has not been stipulated.

C.   **Document subpoenas for third parties:** The parties may serve subpoenas for third parties to produce documents. The parties will serve each other with copies of any third party subpoenas on the same day the subpoena or notice is served on the third party. The parties will serve each other with copies of any documents produced by third parties pursuant to subpoena within three (3) business days of receipt. In no event shall a party serve such documents less than three (3) business days before any deposition of the third party from whom the documents were originally produced.

D.   **Depositions:** The parties agree to the following limits on depositions in this case:

(1)   **Depositions of fact witnesses:**

(a)   The Plaintiff may take up to one hundred fifty (150) hours of deposition testimony (excluding expert depositions), such time to be split according to the discretion of the Plaintiff, except that Plaintiff's depositions of the witnesses of any one Defendant may not exceed 40 total hours. The Defendants may take up to one hundred fifty (150) hours of deposition testimony (excluding expert depositions), such time to be split according to the discretion of the Defendants.

(b)   Depositions taken pursuant to Fed. R. Civ. P. 30(a)(1) are limited to seven (7) hours per witness, except that Defendants may take up to eighteen (18) hours of deposition of the inventor of the patent-in-suit and fourteen (14) hours of deposition of any prosecuting patent attorney or agent of the patent-in-suit.

(c)   Depositions taken pursuant to Fed. R. Civ. P. 30(b)(6) are subject to the limits agreed to in paragraph 4(D)(1)(a) above.

4

(2)   Depositions of Third Parties: The parties agree that there is no limit on the number of document subpoenas on third parties.  However, oral depositions of third parties are limited by the caps as set forth above, and subject to any restrictions imposed by a Court of competent jurisdiction ruling on a protective order sought by any such third party.

(3)   Depositions on Written Questions: The parties agree that each deposition upon written questions taken pursuant to Fed. R. Civ. P. 31 shall count as seven (7) hours of deposition time set forth in paragraph 4(D)(1) above, except that a deposition upon written questions used only for document authentication and/or to establish admissibility are not subject to this limitation.

(4)   Cross-Examination Testimony: The parties agree that time spent by one side[1] on cross-examination of a witness called by another side does not count towards the time limits regarding deposition testimony agreed to above.

(5)   Modification of Deposition Limits: The parties agree to meet and confer in good faith as necessary as discovery progresses regarding possible modifications to the deposition limitations set forth in paragraphs 4(D)(1) - (4).  Should any party request additional deposition hours from the Court, they agree to submit a proposal to the Court at least 30 days before discovery is scheduled to close that demonstrates good cause for allowing the additional time.  Such a proposal should, in no more than five pages, briefly outline why more deposition time is necessary in light of a party's particular trial strategy and plan.  The proposal should expressly state how much additional time is desired, the subject matter on which additional witnesses will be deposed (e.g., infringement liability, damages, willfulness, etc.) and the time frame in which the depositions will be carried out. Should there be a request by Defendants to take the requested depositions together, or individually, this preference should be noted as well.  The opposing party may submit a reply within three days, also of not more than five pages.

E.   **Expert Discovery**.  Plaintiff may take up to seven (7) hours of deposition testimony of each expert identified by the Defendants on each of these issues (non-infringement, damages, invalidity and inequitable conduct) for which the expert offers and/or rebuts an opinion.  If an expert provides testimony relating to more than one Defendant, Plaintiff will have an additional three (3) hours added to its total for each Defendant, not to exceed a total of an additional fourteen (14) hours.  Defendants, jointly, may take up to seven (7) common hours of deposition testimony of each expert identified by Plaintiff on each of these issues

---

1     "Side" means a party or a group of parties with a common interest.

5

(infringement, damages, validity and inequitable conduct) for which the expert offers and/or rebuts an opinion.  Each Defendant will have three (3) additional hours of each expert identified by the Plaintiff, not to exceed a total of an additional fourteen (14) hours.  Defendants may agree among themselves on the division and sharing of their expert deposition time.  Each expert must produce his or her final report and all materials on which he or she relied.  Except as set forth in this paragraph, all other expert discovery is governed by paragraph 3 above.

5.    **Privileged Information.**  There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference.  By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, with enable the other parties to assess the applicability of the privilege or protection. Except as necessary to comply with P.R. 3-7, the parties are not required to include on their privilege logs any protected documents that came into existence on or after the date of the filing of the Complaint.  A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6.    **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

A.    The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

B.    The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

C.    An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the -cv-00538-LE

grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if that party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.** <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure

7

because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15.    **Protective Orders.**   A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, a party may propose to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal.

16.    **Courtesy Paper Copies.**   Paper copies will not be accepted by this Court unless specifically requested.

17.    **Hearing Notebooks.**  With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

18.    **E-Filing.** The parties agree to accept service by electronic mail of all documents not filed with the Court. Except for good cause shown or as provided in the Local Rules, all documents (with exception of those documents referenced in the local rules) in cases pending in this Court shall be filed electronically. This includes notices of disclosure, notices of no privilege issues, proposed orders, and mediator's reports. The file in each case is maintained electronically. Neither the clerk's office nor the Court will maintain a paper file except as provided in the local rules.

When filing electronically, the Court prefers:

(i) that documents be published to PDF and then filed with the Court rather than filing scanned documents;
(ii) proposed orders be included as attachments to motions filed rather than incorporated within the body of the filed motion;
(iii) proposed orders should NOT contain an "it is so ordered" designation, signature line, or date line since this information is contained in the Judge's electronic signature stamp; and
(iv) proposed orders should NOT contain the word "Proposed" in the title of the document.

**19    Electronic Discovery and Production.**

A.    The parties agree that no voicemails, instant messages, and cell phone text messages will be preserved, searched for, or produced under any circumstances.

B.    The parties agree that no metadata (as used herein to refer to electronically stored information about the document that does not appear on the face of the original document if emailed or printed), audio, or video information (except for video ase 6:09-cv-0

8

depositions of Uniloc witnesses (including expert witnesses) in the Rhode Island case) will be required to be searched for or produced without good cause and further subject to the producing party's claim of undue burden or cost. The parties agree that good cause to search and produce metadata exists when such metadata is reasonably likely to reveal the date, author, or recipient of specific key documents that the party identifies as material to a fact or issue in dispute, and such information is not reasonably available through other forms of discovery.

C.    The parties agree that materials retained in tape, floppy disk, optical disk, or similar formats primarily for back-up or disaster recovery purposes should be considered not reasonably accessible under Federal Rule 26(b)(2)(B) and, accordingly, should not be subject to production unless specific facts demonstrate a particular need for such evidence that justifies the burden of retrieval.

D.    The parties agree to work in good faith to come up with a list of custodians and agreed search terms for any search of a party's electronic mail and/or archives. The parties further agree that the production of electronic mail is not part of the parties' initial disclosure or Patent Rules disclosure obligations.

E.    The parties agree to work in good faith to produce documents as efficiently as possible. However, no documents will be required to be produced in any format other than their native format (e.g. word, excel, pdf, tiff, jpg) whether electronic or in hard copy.

ase 6:09-cv-00538-LED-JDL   Document 121-2   Filed 04/28/10   Page 9 of 9

**So ORDERED and SIGNED this 29th day of April, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE