# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNILOC USA, INC. et al.,**<br><br>      Plaintiffs,<br><br>      v.<br><br>**ABBYY USA Software House, Inc.; et al.**<br><br>      Defendants. | **CIVIL ACTION NO.  6:09-cv-538 (JDL)**<br><br>**JURY TRIAL DEMANDED** |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

| **November 14, 2011**<br><br>Court designated date – not flexible without good cause - Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, **211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
|---|---|
| *Day of Trial* | **ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:**<br><br>A.  On the first day of trial, each party is required to have on hand the following:<br>   (1)  One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in properly marked manila folders and contained in a box with handles.<br>   (2)  Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."<br><br>B.  During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day. A description of the exhibits is not necessary, just a list containing the exhibit numbers. For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (*the date*)." Said daily lists are to be tendered the following day. (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial).<br><br>C.  At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.<br><br>D.  At the conclusion of trial, all boxes of exhibits shall be returned to the respective Parties and the parties are instructed to remove these exhibits from the courtroom. |

| | |
|---|---|
| | E.  Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:<br>    (1)  A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in WordPerfect or Word format.<br>    (2)  A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.<br>    (3)  A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.<br><br>F.  After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's Office. |
| **November 7, 2011**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. JURY SELECTION at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge Leonard Davis, Tyler, Texas.** |
| **October 20, 2011**<br><br>Court designated date – not flexible without good cause - Motion Required | **9:00 a.m. PRETRIAL CONFERENCE at the United States District Court, 211 W. Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.**<br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| **October 17, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*3 days before pretrial* | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| **October 13, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*7 days before pretrial* | **Written responses to Motions in Limine Due.** |
| **October 10, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*10 days before pretrial* | **Motions in Limine due**. The parties are directed to confer and advise the Court on or before 3:00 o'clock p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference.<br><br>**Pretrial Objections due.** |
| **September 30, 2011**<br><br>**PER AGREEMENT OF THE PARTIES** | **Objections to Rebuttal Deposition Testimony due**. |

| | |
|---|---|
| *20 days before pretrial* | |
| **September 26, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*24 days before pretrial* | **Rebuttal Designations and Objections to Deposition Testimony due.** For rebuttal designations, cross examination line and page numbers to be included. In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |
| **September 15, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*35 days before pretrial* | **Pretrial Disclosures due.**<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| **August 26, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*55 days before pretrial* | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.** Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is requested for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| **August 16, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*65 days before pretrial* | **Second mediation to be completed.** |
| **June 20, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*17 days after dispositive motion date below* | **Response to Dispositive Motions (including *Daubert* motions) due.** Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **June 3, 2011**<br><br>Court designated date – not | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will</u> |

| | |
|---|---|
| flexible without good cause – Motion Required | only be granted in exceptional circumstances. |
| **May 31, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*3 days before Dispositive Motions* | **Parties to Identify Rebuttal Trial Witnesses**. |
| **May 20, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*14 days before Dispositive Motions* | **Parties to Identify Trial Witnesses; Amend Pleadings** (after *Markman* Hearing).  It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings.  It is necessary to file a Motion for Leave to Amend after the deadline.  However, except as provided in Patent Rule 3-6, if the amendment would effect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| **May 6, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*28 days before Dispositive Motions* | **Discovery Deadline.** |
| **April 11, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*53 days before Dispositive Motions* | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due.  Refer to Local Rules for required information. |
| **March 28, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*67 days before Dispositive Motions* | Parties with burden of proof designate expert witnesses (non-construction issues). Expert witness reports due.  Refer to Local Rules for required information. |
| **February 25, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*98 days before Dispositive Motions* | Comply with P.R.3-7 - Furnishing documents and privilege logs pertaining to willful infringement. |

| | |
|---|---|
| **February 3, 2011**<br><br>Court designated date – not flexible without good cause – Motion Required | ***Markman*** **hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 West Ferguson, 2nd Floor, Courtroom of Judge John D. Love, Tyler, Texas.** |
| **January 27, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*7 days before Markman Hearing* | P.R. 4-5(d) Chart due. Parties shall jointly submit a claim construction chart on computer disk in WordPerfect format or in such other format as the Court may direct in accordance with P.R. 4-5(d).<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| **January 21, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*13 days before Markman Hearing* | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** - Reply brief and supporting evidence due re response to claim construction. If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| **January 10, 2011**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*24 days before Markman Hearing* | **Comply with P.R. 4-5(b)** - Responsive brief and supporting evidence due to party claiming patent infringement. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Motion for Summary Judgment of Indefiniteness due.** If a technical advisor has been appointed the moving party is to provide their brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Motions to extend page limits will only be granted in exceptional circumstances. |
| **December 23, 2010**<br><br>**PER AGREEMENT OF THE PARTIES** | **Comply with P.R. 4-5(a)** - The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor. |

| | |
|---|---|
| *42 days before Markman Hearing* | Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **December 22, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*43 days before Markman Hearing* | Tutorials due. Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| **December 16, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*49 days before Markman Hearing* | **Discovery Deadline - Claim Construction Issues.** |
| **December 2, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*63 days before Markman Hearing* | **Respond to Amended Pleadings**. |
| **November 23, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*72 days before Markman Hearing* | Proposed Technical Advisors due. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. |
| **November 18, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*77 days before Markman Hearing* | Amended Pleadings (pre-claim construction) due from all parties. It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to this deadline. |
| **November 15, 2010**<br><br>**PER AGREEMENT** | **Comply with P.R. 4-3** - Filing of Joint Claim Construction and Prehearing Statement. |

| | |
|---|---|
| **OF THE PARTIES**<br><br>*80 days before Markman Hearing* | |
| **October 15, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*111 days before Markman Hearing* | **Comply with P.R. 4-2** - Exchange of Preliminary Claim Constructions and Extrinsic Evidence.  Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents). |
| **October 1, 2010**<br><br>**PER AGREEMENT OF THE PARTIES** | First mediation to be completed.  A mediator will be appointed in this cause.  Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website at www.txed.uscourts.gov. |
| **September 17, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*139 days before Markman Hearing* | **Comply with P.R. 4-1** - Exchange Proposed Terms and Claim Elements for Construction. |
| **July 14, 2010**<br><br>**PER AGREEMENT OF THE PARTIES**<br><br>*204 days before Markman Hearing* | **Comply with P.R. 3-3 and 3-4**- Invalidity Contentions due.  Thereafter, it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6.<br><br>Defendant shall join additional parties.  It is not necessary to file a motion to join additional parties prior to this date.  Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims.  After this deadline, leave of Court must be obtained to assert any counterclaims.<br><br>Add any inequitable conduct allegations to pleadings.  It is not necessary to file a motion for leave to add inequitable conduct allegations to pleadings prior to this date.  Thereafter, it is necessary to obtain leave of Court to add inequitable conduct allegations to pleadings. |
| **May 28, 2010**<br><br>**PER AGREEMENT OF THE PARTIES** | Deadline for the parties to submit the name and address of an agreed mediator. A mediator will be appointed in this cause.  Mediation shall be conducted in accordance with the Court-Annexed Mediation Plan.  *See* Appendix H to Local Rules, available on the Court's website at www.txed.uscourts.gov. |
| **May 14, 2010** | **Comply with P.R. 3-1 and P.R. 3-2** - Disclosure of Asserted Claims and |

| **PER AGREEMENT OF THE PARTIES**<br><br>*265 days before Markman Hearing* | Infringement Contentions due. Thereafter, it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6.<br><br>Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
|---|---|
| **Eight (8) days** | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties may seek leave of the Court to amend one or more of the above dates based on the actions of the Federal Circuit in the pending appeal of *Uniloc USA, Inc. v. Microsoft Corp.*, 03cv440 (D.R.I.).

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has 15 days in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

### OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

  (i) The fact that there are motions for summary judgment or motions to dismiss pending;

  (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

  (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**So ORDERED and SIGNED this 29th day of April, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE